# EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **MARK MILLER**<br>4680 Country Lane, Apt 4<br>4680 Country Lane, Apt 4<br>Ohio 44128 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | COMPLAINT<br>(Jury demand endorsed herein) |
| vs. | )<br>) | |
| **UNIVERSITY HOSPITALS**<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106 | )<br>)<br>) | |
| and | ) | |
| **SODEXO**<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106 | )<br>)<br>) | |
| and | ) | |
| **SHANNON EDWARDS**<br>C/O University Hospital<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106 | )<br>)<br>)<br>) | |
| And | ) | |
| **ANDRE HUNTER**<br>C/O University Hospital<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106 | )<br>)<br>)<br>) | |
| Defendants. | | |

Now come Plaintiff Mark Miller ("Plaintiff" or "Mr. Miller"), by and through counsel, and for his Complaint against Defendants University Hospital ("UH"), Sodexo Management

("Sodexo"), Shannon Edwards ("Edwards") and Andre Hunter ("Hunter") (collectively "Defendants"), states and allege the following:

## THE PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant UH is an Ohio corporation with facilities in Cuyahoga County, Ohio.

3. Defendant Sodexo is an Ohio corporation with facilities in Cuyahoga County, Ohio.

4. Defendant Edwards is a resident of the State of Ohio.

5. Defendant Hunter is a resident of the State of Ohio.

6. All Defendants are employers under Section 4112.01 of the Ohio Revised Code as determined in *Geraro v. Central Transport Inc. et al.*, (1999), 84 Ohio St.3d 293.

7. Venue is proper due to the fact that the Defendant UH has a medical facility in Cuyahoga County, Ohio, at which many of the events in question took place and defendants are joint employers of plaintiff.

8. This matter is timely filed as June 27, 2021, was a Sunday and this matter is filed the next business day which is Monday June 28, 2021.

## FACTUAL BACKGROUND

9. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

10. Defendant UH operates a medical facility.

11. Plaintiff was continuously employed by Defendants a floor Tech and/or a Trash Tech at the time of his official discharge on or about June 27, 2019.

12. Plaintiff began his employment with Defendants on or about December 12, 2016.

13. Plaintiff performed his job well and to the satisfaction of the Defendants.

14. In late 2018, Plaintiff began having health issues which rendered him disabled under the law and plaintiff sought accommodations of his disability so he could continue to perform his job.

15. Plaintiff sought and was approved for FMLA leave related to his disability.

16. His employers were aware of his disabilities.

17. Plaintiff was informed by the Defendants that he did not need to provide any additional paperwork for his FMLA, and they would use FMLA.

18. Plaintiff was subsequently out on medical leave due to his serious health condition and/or disabilities.

19. On or about June 27, 2018, defendants terminated plaintiff's employment for absences related to his serious health condition.

20. Defendants employed more than fifty (50) persons within a 75-mile radius of Plaintiff's workplace.

21. Plaintiff had worked at least 1,250 hours in the twelve (12) months prior to the commencement of his FMLA.

## COUNT ONE
## FMLA INTERFERENCE CLAIM

22. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

23. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. §2611(2).

24. At all times, relevant, Defendants were an "employer" as defined by 29, U.S.C. §2611(4)(A).

25. Plaintiff's work absences were for a "serious health condition" as defined by 29 U.S.C. §2611(11).

26. Defendants were aware that Plaintiff was disabled and/or unable to attend work due to his serious health condition.

27. Plaintiff gave notice to Defendants of his need to take FMLA and/or an extended period of leave under the FMLA.

28. Despite Defendants being aware of Plaintiff's serious health conditions and the need for him to take leave, they failed to provide him with the notice of his rights pursuant to 29 U.S.C. §300(b)(1).

29. As a result of Defendants' termination of plaintiff's employment, Defendants denied Plaintiff FMLA benefits to which he was entitled, and their actions constitute "interference" with his rights under the FMLA.

## COUNT TWO
## RETALIATION

63. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

64. Plaintiff exercised his rights under FMLA.

65. Plaintiff suffered an adverse employment action as a result of the termination of his employment.

66. Said termination was in contravention of the FMLA.

67. Defendants violated the FMLA by retaliating against and/or taking adverse employment action against Plaintiff including but not limited to terminating his employment as result of his taking leave or attempting to exercise his rights under the FMLA.

68. Further, Defendants violated the FMLA by using FMLA protected absences and/or Plaintiff's request for FMLA as a negative factor leading at least in part to adverse employment actions and discharge against Plaintiff.

69. Defendants lacked good faith and/or reasonable grounds to believe that they had

not violated the FMLA when they discharged of Plaintiff.

70. Defendants' violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. §2617(A) to monetary damages which include back pay and benefits, statutory liquidated damages and attorney fees, and the costs of bringing this litigation in amount to be determined at trial and equitable remedy of reinstatement and/or front pay.

## COUNT THREE
## ORC 4112 ET SEQ DISABILITY DISCRIMINATION

71. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

72. This claim arises under ORC §4112.02 and §4112.99.

73. At all times relevant herein Plaintiff suffered from medical conditions that are defined as disabilities under the law.

74. Despite these disabilities or perceived disabilities or being regarded as disabled, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

75. Defendants used Plaintiff's disability as a basis to take adverse employment action against him in that they terminated his employment. The acts of the Defendants were intentional, malicious and/or showed reckless disregard for the rights of the Plaintiff.

76. Defendants' intentional, willful and wanton conduct toward Plaintiff was/is discriminatory and violates O.R.C. §4112.02(A) and §4112.99.

77. As a direct and proximate result of Defendants' actions as set forth above, Plaintiff has suffered and will continue to suffer loss of compensation, loss of fringe benefits, loss of opportunity to be able to continue the gainful employment in which has been engaged, loss of past and future income, loss of reputation, humiliation, embarrassment, loss of self-esteem, loss of sleep, adverse health effects, emotional distress, anxiety, extreme frustration and loss of time and

money endeavoring to protect himself from Defendants' unlawful discrimination including costs and reasonable attorney fees.

78. Defendants have willfully and/or intentionally and/or with callous and reckless indifference, violated Plaintiff's rights under Ohio law prohibiting discrimination against a person with a disability, or perceived disability or being regarded as being disabled so as to entitle him to award of punitive damages in addition to any compensatory or any other damages to be awarded in an amount to be proven at trial.

WHEREFORE, Plaintiff seeks an amount in excess of $25,000.00 to fully and fairly compensate Plaintiff for his injuries and prays that this Court enter judgment in his favor and declare the acts of the Defendants to violate both state and federal law, enjoin the Defendants from further discrimination, order reinstatement or front pay, award back pay and all economic compensatory damages including lost wages, fringe benefits, interest, witness fees, expert fees, consequential damages, economic and non-economic compensatory damages, including but not limited to pain and suffering, punitive damages, liquidated damages and costs, including reasonable attorney fees and grant such addition or appropriate relief as this Court determines is just and reasonable.

Respectfully Submitted,

*/s/ John F. Burke, III*
JOHN F. BURKE, III (0059974)
john@BurkesLaw.net
Burkes Law, LLC
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone 216-455-5980; Fax 888-588-5663

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *John F. Burke, III*
JOHN F. BURKE, III (0059974)

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21949319   D1 CM | 44770003 |

Rule 4 (B) Ohio
Rules of Civil Procedure

MARK MILLER **PLAINTIFF**
VS
UNIVERSITY HOSPITALS, ET AL **DEFENDANT**

# SUMMONS

UNIVERSITY HOSPITALS
11100 EUCLID AVENUE
CLEVELAND OH 44106

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

JOHN F BURKE III
55 PUBLIC SQUARE

21 FLOOR
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Jun 28, 2021 | By   Deputy |

COMPLAINT FILED   06/28/2021

CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21949319  D2 CM | 44770004 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

MARK MILLER **PLAINTIFF**
VS
UNIVERSITY HOSPITALS, ET AL **DEFENDANT**

SODEXO
11100 EUCLID AVENUE
CLEVELAND OH 44106

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

JOHN F BURKE III
55 PUBLIC SQUARE

21 FLOOR
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By 
Deputy

| DATE SENT |
|---|
| Jun 28, 2021 |

COMPLAINT FILED   06/28/2021

CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21949319  D3 CM | 44770005 |

Rule 4 (B) Ohio

Rules of Civil Procedure

MARK MILLER **PLAINTIFF**
VS
UNIVERSITY HOSPITALS, ET AL **DEFENDANT**

# SUMMONS

SHANNON EDWARDS
C/O UNIVERSITY HOSPITAL
11100 EUCLID AVENUE
CLEVELAND OH 44106

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

JOHN F BURKE III
55 PUBLIC SQUARE

21 FLOOR
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT | By  |
|---|---|
| Jun 28, 2021 | Deputy |

COMPLAINT FILED    06/28/2021

CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21949319  D4 CM | 44770006 |

Rule 4 (B) Ohio
Rules of Civil
Procedure

# SUMMONS

MARK MILLER **PLAINTIFF**
VS
UNIVERSITY HOSPITALS, ET AL **DEFENDANT**

ANDRE HUNTER
C/O UNIVERSITY HOSPITAL
11100 EUCLID AVENUE
CLEVELAND OH 44106

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

JOHN F BURKE III
55 PUBLIC SQUARE

21 FLOOR
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| Jun 28, 2021 |

By _____
            Deputy

COMPLAINT FILED    06/28/2021

