**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK MILLER | : | |
| | : | CASE NO. 1:21-cv-01451-DAP |
| Plaintiff | : | |
| v. | : | JUDGE DAN AARON POLSTER |
| | : | |
| UNIVERSITY HOSPITALS, *et al.* | : | JURY DEMAND ENDORSED HEREON |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant University Hospitals Cleveland Medical Center, misnamed in the Complaint as University Hospitals ("UH" or "Defendant"), by and through counsel, and for its Answer to the Complaint (the "Complaint") filed by Plaintiff Mark Miller ("Plaintiff"), states as follows:

**THE PARTIES**

1. Upon information and belief, UH admits the allegations contained in Paragraph 1 of the Complaint.

2. UH admits the allegations contained in Paragraph 2 of the Complaint.

3. UH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and on that basis denies them.

4. UH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and on that basis denies them.

5. UH lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and on that basis denies them.

6. Paragraph 6 assets a legal conclusion and, therefore, UH denies the allegations contained in Paragraph 6 of the Complaint.

7. UH admits that venue is proper, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. UH denies the allegations contained in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9. UH incorporates its responses to Paragraphs 1 through 8 of the Complaint as if fully rewritten herein.

10. UH admits the allegations contained in Paragraph 10 of the Complaint.

11. UH admits that Plaintiff was formerly employed by UH, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. UH admits that Plaintiff was hired by UH, but denies the remaining allegations contained in Paragraph 12 of the Complaint. Further answering, UH attached Plaintiff's Application for Employment and Offer Letter that was contingent on the satisfactory completion of the Application for Employment as Exhibit 1.

13. UH denies the allegations contained in Paragraph 13 of the Complaint.

14. UH denies the allegations contained in Paragraph 14 of the Complaint.

15. UH admits that Plaintiff requested and was approved for an intermittent leave under FMLA, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. UH denies the allegations contained in Paragraph 16 of the Complaint.

17. UH denies the allegations contained in Paragraph 17 of the Complaint.

18. UH denies the allegations contained in Paragraph 18 of the Complaint.

19. UH admits that it terminated Plaintiff's employment, but denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. UH admits that it employed more than fifty employees within a 75-mile radius of Plaintiff's employment, but denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. UH denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT ONE
### (FMLA Interference Claim)

22. UH incorporates its responses to Paragraphs 1 through 21 of the Complaint as if fully rewritten herein.

23. UH denies the allegations contained in Paragraph 23 of the Complaint.

24. UH denies the allegations contained in Paragraph 24 of the Complaint.

25. UH denies the allegations contained in Paragraph 25 of the Complaint.

26. UH denies the allegations contained in Paragraph 26 of the Complaint.

27. UH admits that Plaintiff requested FMLA leave at times during his employment, but denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. UH denies the allegations contained in Paragraph 28 of the Complaint.

29. UH denies the allegations contained in Paragraph 29 of the Complaint.

## [1]COUNT TWO
### (Retaliation)

30. UH incorporates its responses to Paragraphs 1 through 29 of the Complaint as if fully rewritten herein.

31. UH denies the allegations contained in Paragraph 31 of the Complaint.

---

[1] Plaintiff's Complaint paragraph numbers are not in chronological order. The paragraph numbers jump from 29 to 63. Defendant UH will respond in chronological order. So, Defendant UH's paragraph 30 will coincide with Plaintiff's paragraph 63 and so on and so forth.

4848-4817-3302.1

32. UH denies the allegations contained in Paragraph 32 of the Complaint.

33. UH denies the allegations contained in Paragraph 33 of the Complaint.

34. UH denies the allegations contained in Paragraph 34 of the Complaint.

35. UH denies the allegations contained in Paragraph 35 of the Complaint.

36. UH denies the allegations contained in Paragraph 36 of the Complaint.

37. UH denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT THREE
### (O.R.C. 4112 *et seq* – Disability Discrimination)

38. UH incorporates its responses to Paragraphs 1 through 37 of the Complaint as if fully rewritten herein.

39. Paragraph 39 of the Complaint states a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. UH denies the allegations contained in Paragraph 40 of the Complaint.

41. UH denies the allegations contained in Paragraph 41 of the Complaint.

42. UH denies the allegations contained in Paragraph 42 of the Complaint.

43. UH denies the allegations contained in Paragraph 43 of the Complaint.

44. UH denies the allegations contained in Paragraph 44 of the Complaint.

45. UH denies the allegations contained in Paragraph 45 of the Complaint.

46. UH denies the allegations contained in the WHEREFORE Paragraph immediately following Paragraph 45 of the Complaint, and further denies that Plaintiff is entitled to any judgment against UH or any relief whatsoever.

47. UH denies each and every allegation not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

UH asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, UH does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff failed to exhaust his administrative remedies.

3. UH did not breach any legal duty to Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

5. Some or all of the damages that Plaintiff seeks are not recoverable by law.

6. Plaintiff's Complaint against UH is frivolous, unreasonable, groundless, and without foundation.

7. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

8. Plaintiff's claims fail based on the after-acquired evidence doctrine.

9. UH's actions are job-related and consistent with UH's business necessity.

10. Plaintiff has not sustained any damages proximately or actually caused by UH.

11. Plaintiff has failed to mitigate or minimize his damages, the existence of which UH denies.

12. Plaintiff's claims are barred, in whole or in part, because UH applied its business judgment, acted at all times in good faith, and had legitimate, non-retaliatory, non-discriminatory

reasons for all actions towards Plaintiff.

13. Some or all of the damages that Plaintiff seeks are not recoverable by law.

14. Plaintiff has not sustained any damages proximately caused or actually caused by UH.

15. Plaintiff's claims fail because UH acted in good faith at all times.

16. Liquidated damages are not available to Plaintiff because UH's actions were consistent with the FMLA.

17. Liquidated damages are not available to Plaintiff because UH acted in good faith and had reasonable grounds for believing that its actions taken with respect to Plaintiff complied with the FMLA.

18. Plaintiff's claim for liquidated damages is barred because the alleged acts or omissions of UH: (1) do not rise to the level required to sustain an award of liquidated damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights; (3) are not so wanton or willful as to support an award of liquidated damages; and (4) do not otherwise entitle Plaintiff to liquidated damages.

19. Plaintiff was granted all FMLA leave to which he was entitled to receive pursuant to the FMLA.

20. Plaintiff's claim fails because his discharge would have occurred regardless of Plaintiff's request for or taking of FMLA leave.

21. Plaintiff cannot meet the but for standard applicable to his FMLA retaliation claim.

22. Plaintiff was treated the same as all other employees, regardless of his FMLA use or for engaging in any protected activity.

23. Plaintiff's FMLA claim fails because Plaintiff was granted all FMLA leaves requested during his employment.

24. Plaintiff's FMLA claim fails because one or more of Plaintiff's requests for leave did not qualify under the FMLA.

25. Plaintiff's FMLA claim fails because Plaintiff failed to comply with the requirements for FMLA leave.

26. Plaintiff's discharge was legitimate, non-discriminatory, and according to UH's lawful policies.

27. Plaintiff is and was not disabled.

28. Plaintiff never requested any reasonable accommodations.

29. Any accommodation requested would represent an undue hardship.

30. To the extent that Plaintiff claims punitive damages in her Complaint – which UH denies – the claim is barred because the alleged acts or omissions of UH: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

31. To the extent that Plaintiff claims punitive damages in his Complaint – which UH denies – the claim is barred because any allegedly discriminatory behavior is contrary to UH's good faith efforts to comply with all applicable state and federal laws.

32. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of UH.

33. UH reserves the right to assert additional affirmative defenses at such time and to

such extent as is warranted by discovery and developments in this case.

WHEREFORE, UH demands that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that judgment be entered in UH's favor, and that UH recovers its expenses, including reasonable attorneys' fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant UH hereby respectfully demands a trial by jury on all issues so triable and that the jury be composed of the maximum numbers of jurors permitted by law.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendant UH*

4848-4817-3302.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2021, a true and correct copy of the foregoing has been electronically filed with the Court and notice was sent to all parties through the Court's EM/ECF system.

>	*/s/ David A. Campbell*
>	David A. Campbell (0066494)
>
>	*One of the Attorneys for Defendant UH*

4848-4817-3302.1