IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MILLER | : | |
| | : | CASE NO. 1:21-cv-01451-DAP |
| Plaintiff | : | |
| v. | : | JUDGE DAN AARON POLSTER |
| | : | |
| UNIVERSITY HOSPTIALS, *et al.* | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT UNIVERSITY HOSPıTALS CLEVELAND MEDICAL CENTER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(C) of Federal Rules of Civil Procedure, Defendant University Hospitals Cleveland Medical Center, misnamed in the Complaint as University Hospitals ("UH" or "Defendant"), moves this court for judgment on the pleadings on Count Three of Plaintiff Mark Miller's ("Plaintiff") Complaint against UH. A condition of Plaintiff's employment with UH was satisfactory completion of an Employment Application that includes a six month statute of limitations of claims arising out of Plaintiff's employment with UH. This lawsuit was filed long after the six months statute of limitation expired. Accordingly, Count Three fails as a matter of law. A brief Memorandum in Support is attached hereto.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for UH*

4841-7373-6437.1

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

Plaintiff Mark Miller ("Plaintiff") alleges that he was discharged two years prior to the filing of the captioned-complaint and, therefore, his claims against Defendant University Hospitals Cleveland Medical Center, misnamed in the Complaint as University Hospitals ("UH" or "Defendant") are timely. (Complaint at ¶8). However, Plaintiff's employment with UH was contingent, in part, on the satisfactory completion of an Application for Employment. (Answer at Exhibit 1). The Employment Application includes Plaintiff's agreement that any claims that he may assert against UH must be filed "no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." (Answer at Exhibit 1, pg. 4 of Employment Application). Plaintiff's Complaint was filed more than six months after the claims accrued and, therefore, judgment should entered in favor of UH on Plaintiff's state law claim. *Camille Wilson v. University Hospitals Case Medical Center, et al.*, N.D. Ohio No. 1:16-cv-00114-DAP, Doc. #25 (June 30, 2016) (six month limitations waiver in UH employment application barred employment-related claims) (attached as Exhibit 1); *Fayak v. Univ. Hosps.*, Case No. 109279, 2020-Ohio-5512 (8th Dist. 2020), *appeal denied by Fayak v. Univ. Hosps.*, 2021-Ohio-1277, 2021 Ohio LEXIS 770 (Ohio, Apr. 16, 2021).

II. **RELEVANT FACTS**

Plaintiff is a former UH employee. (Complaint at ¶11). Plaintiff alleges that he was discharged on June 27, 2019. (Complaint at ¶11). The Complaint does not allege that Plaintiff filed a charge of discrimination relating to his discharge. (Complaint at ¶¶1-8). Rather, the Complaint simply alleges that "[t]his matter is timely filed as of June 27, 2021. . . ." (Complaint at ¶8).

Plaintiff's employment with UH was contingent, in part, on the satisfactory completion of an Application for Employment. (Answer at Exhibit 1). The Employment Application includes Plaintiff's agreement that any claims that he may assert against UH must be filed "no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." (Answer at Exhibit 1, pg. 4 of Employment Application).

III.   **ARGUMENT**

   A.   **Standard Of Review.**

The Sixth Circuit applies the same standard to a Rule 12(c) motion for judgment on the pleadings as to a motion to dismiss under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). The factual allegations asserted by Plaintiff must be accepted as true and all reasonable inferences are drawn in favor of Plaintiff. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-582 (6th Cir. 2007). The record for this Motion includes the pleadings, matters which a court may take judicial notice, and documents that are a matter of public record. *Hebshi v. United States*, 12 F.Supp.3d 1036, 1043 (E.D. Mich. 2014). A motion for judgment on the pleadings should be granted only if, subject to these conditions, "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *All Commer. Floors, Inc. v. Commer. Floor Prods., LLC*, Case No. 3:17-cv-01252, 2019 U.S. Dist. LEXIS 12388 *9 (M.D.Tenn. Jan. 25, 2019). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). Based on Rules 7 and 10 of the Federal Rules of Civil Procedures, a district court can consider attachments to an answer

"without the motion being converted to one for summary judgment." *Id.*; *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). "Thus, a court deciding a Rule 12(c) motion may consider documents attached to the answer, as long as they are central to the plaintiff's claim and of undisputed authenticity." *Belmont Univ.*, 334 F.Supp. at 887.

**B.     Count Three Of The Complaint Is Time-Barred.**

Count Three is a disability discrimination claim under state law. (Complaint at ¶72). This Court's prior decision and a recent Ohio appellate court decision apply a six month statute of limitation to claims under R.C. 4112. *Camille Wilson v. University Hospitals Case Medical Center, et al.*, N.D. Ohio No. 1:16-cv-00114-DAP, Doc. #25 (June 30, 2016) (six month limitations waiver in UH employment application barred employment-related claims); *Fayak v. Univ. Hosps.*, Case No. 109279, 2020-Ohio-5512 (8th Dist. 2020), *appeal denied by Fayak v. Univ. Hosps.*, 2021-Ohio-1277, 2021 Ohio LEXIS 770 (Ohio, Apr. 16, 2021).

If, *arguendo*, the state law claim was not barred more than a year ago, the claim still fails under Ohio's recently amended discrimination statute. Specifically, Ohio law now requires the plaintiff to first file a charge of discrimination before filing a lawsuit. O.R.C. §4112.051. In this matter, Plaintiff did not file a charge of discrimination arising out of his discharge. (*See* Complaint). Accordingly, Plaintiff's state law claim fails as a matter of law because it is time-barred.

## IV. CONCLUSION

Based on the above-cited arguments and authorities, judgment should be entered in favor of UH on Count Three of Plaintiff's Complaint.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2021, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system.

>*/s/ David A. Campbell*
>David A. Campbell (0066494)
>
>LEWIS BRISBOIS BISGAARD & SMITH LLP