## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK MILLER, | ) | CASE NO.:  1:21-cv-1451 |
| | ) | |
| Plaintiff, | ) | JUDGE POLSTER |
| | ) | |
| -v- | ) | **ANSWER OF DEFENDANTS SODEXO,** |
| | ) | **SHANNON EDWARDS AND ANDRE** |
| UNIVERSITY HOSPITALS, *et al.*, | ) | **HUNTER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

For their Answer to Plaintiff Mark Miller's ("Plaintiff") Complaint, Defendants Sodexo Operations, LLC, improperly identified in the Complaint as Sodexo Management ("Sodexo"), Shannon Edwards ("Edwards") and Andre Hunter ("Hunter")(collectively referred to as "Defendants") admit, deny, and state as follows:

## THE PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

**ANSWER**:    Defendants are without information or knowledge sufficient to form a belief as to Plaintiff's residence and, therefore, deny the allegations in Paragraph 1 of the Complaint.

2. Defendant UH is an Ohio corporation with facilities in Cuyahoga County, Ohio.

**ANSWER**:    The allegations in Paragraph 2 of the Complaint are not directed at Defendants and, therefore, no response is required from Defendants.  To the extent this Court requires a response, Defendants do not have information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, deny them.

3.      Defendant Sodexo is an Ohio corporation with facilities in Cuyahoga County, Ohio.

**ANSWER**:      Sodexo admits that it provides services within Cuyahoga County, Ohio. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.


4.      Defendant Edwards is a resident of the State of Ohio.

**ANSWER**:      Defendants admit the allegations in Paragraph 4 of the Complaint.


5.      Defendant Hunter is a resident of the State of Ohio.

**ANSWER**:      Defendants admit the allegations in Paragraph 5 of the Complaint.


6.      All Defendants are employers under Section 4112.01 of the Ohio Revised Code as determined in *Genaro v. Central Transport Inc. et al,* (1999), 84 Ohio St.3d 293.

**ANSWER**:      The allegations in Paragraph 6 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants state that Ohio Rev. Code § 4112.02 and the cited case law speak for themselves, but deny they are employers pursuant to same.  Defendants deny any remaining allegations in Paragraph 6 of the Complaint.


7.      Venue is proper due to the fact that the Defendant UH has a medical facility in Cuyahoga County, Ohio, at which many of the events in question took place and defendants are joint employers of plaintiff.

**ANSWER**:      The allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants state that, as

to the claims against them, venue is proper based on the allegations in the Complaint, but deny that they engaged in any acts or omissions that violate any federal, state, or local laws or regulations.  Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.      This matter is timely filed as June 27, 2021 was a Sunday and this matter is filed the next business day which is Monday June 28, 2021.

**ANSWER**:      The allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants deny the allegations in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9.      Plaintiff incorporates all of the above allegations as if fully rewritten herein.

**ANSWER**:      In response to Paragraph 9 of the Complaint, Defendants incorporate their admissions, denials, and statements in paragraphs 1 through 8 of this Answer.

10.      Defendant UH operates a medical facility.

**ANSWER**:      The allegations in Paragraph 10 of the Complaint are not directed at Defendants and are vague as to what is meant by "operates a medical facility."  To the extent the Court requires a response, Defendants admit, upon information and belief, that University Hospitals ("UH") is a health system that operates multiple facilities.  Defendants deny any remaining allegations in Paragraph 10 of the Complaint.

11.     Plaintiff was continuously employed by Defendants a [sic] floor Tech and/or a Trash Tech at the time of his official discharge on or about June 27, 2019.

**ANSWER**:    Upon information and belief, Defendants admit that UH previously employed Plaintiff as an Environmental Services Worker III, and that UH discharged Plaintiff on or about June 27, 2019.  Defendants deny that they employed Plaintiff and, therefore, deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Plaintiff began his employment with Defendants on or about December 12, 2016.

**ANSWER**:    Upon information and belief, Defendants admit that Plaintiff began his employment with UH in or around December 2016.  Defendants deny that they employed Plaintiff, and, therefore, deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Plaintiff performed his job well and to the satisfaction of the Defendants.

**ANSWER**:    Defendants are without information or knowledge sufficient to form a belief as to whether UH was satisfied with Plaintiff's job performance and, therefore, deny the allegations pertaining to same.  Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.     In late 2018, Plaintiff began having health issues which rendered him disabled under the law and plaintiff sought accommodations of his disability so he could continue to perform his job.

**ANSWER**:    The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendants are without information or knowledge sufficient to form a belief as to what health issues, if any, Plaintiff may have begun having in late 2018 and/or what accommodations Plaintiff may have sought from UH, and, therefore, deny the allegations pertaining to same. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.    Plaintiff sought and was approved for FMLA leave related to his disability.

**ANSWER**:    Upon information and belief, Defendants admit that Plaintiff was approved for FMLA at some point during the time he worked for UH.  Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 15 of the Complaint and, therefore, deny them.

16.    His employers were aware of his disabilities.

**ANSWER**:    Defendants are without information or knowledge sufficient to form a belief as to what "awareness" UH may have had, or not had, with respect to Plaintiff's alleged disabilities, and, therefore, deny the allegations pertaining to same. Defendants deny that they employed Plaintiff or that they were aware Plaintiff had any disabilities, and, therefore, deny the remaining allegations in Paragraph 16 of the Complaint.

17.    Plaintiff was informed by the Defendants that he did not need to provide any additional paperwork for his FMLA, and they would use FMLA.

**ANSWER**:   Defendants are without information or knowledge sufficient to form a belief as to what UH may have told Plaintiff regarding his use of FMLA, and, therefore, deny the allegations pertaining to same.  Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.    Plaintiff was subsequently out on medical leave due to his serious health condition and/or disabilities.

**ANSWER**:   Upon information and belief, Defendants admit that Plaintiff was approved for, and utilized, FMLA leave at some point during the time he worked for UH.  Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 18 of the Complaint and, therefore, deny them.

19.    On or about June 27, 2018, Defendants terminated plaintiff's employment for absences related to his serious health condition.

**ANSWER**:   Upon information and belief, Defendants admit that UH terminated Plaintiff's employment on or about June 27, 2019 for excessive, unapproved absences in accordance with UH's attendance policy.  Defendants deny that they employed Plaintiff and, therefore, deny the remaining allegations in Paragraph 19 of the Complaint.

20.    Defendants employed more than fifty (50) persons within a 75-mile radius of Plaintiff's workplace.

**ANSWER**:   To the extent the allegations in Paragraph 20 of the Complaint are directed at Sodexo, Sodexo admits it employed more than fifty persons within a 75-mile radius of

Plaintiff's workplace, but denies that it ever employed Plaintiff.  Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Plaintiff had worked at least 1,250 hours in the twelve (12) months prior to the commencement of his FMLA.

**ANSWER**:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, deny them.

## COUNT ONE
## FMLA INTERFERENCE CLAIM

22.     Plaintiff incorporates all of the above allegations as if fully rewritten herein.

**ANSWER:**    In response to Paragraph 22 of the Complaint, Defendants incorporate their admissions, denials, and statements in paragraphs 1 through 21 of this Answer.

23.     At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. §2611(2).

**ANSWER**:    The allegations in Paragraph 23 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants state that 29 U.S.C. §2611(2) speaks for itself, but deny that they employed Plaintiff.

24.     At all times relevant, Defendants were an "employer" as defined by 29, U.S.C. §2611(4)(A).

**ANSWER**:      The allegations in Paragraph 24 state legal conclusions to which no response is required.   To the extent this Court requires a response, Defendants state that 29 U.S.C. § 2611(4)(A) speaks for itself, but deny that they employed Plaintiff.

25.      Plaintiff's work absences were for a "serious health condition" as defined by 29 U.S.C. §2611(11).

**ANSWER**:      The allegations in Paragraph 25 state legal conclusions to which no response is required.   To the extent this Court requires a response, Defendants state that 29 U.S.C. § 2611(11) speaks for itself.

26.      Defendants were aware that Plaintiff was disabled and/or unable to attend work due to his serious health condition.

**ANSWER**:      Defendants are without information or knowledge sufficient to form a belief as to what "awareness" UH may have had with respect to Plaintiff's alleged disabilities and/or ability to attend work, and, therefore, deny the allegations pertaining to same.   Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.      Plaintiff gave notice to Defendants of his need to take FMLA and/or an extended period of leave under the FMLA.

**ANSWER**:      Defendants are without information or knowledge sufficient to form a belief as to what notice Plaintiff may have provided UH regarding his alleged need to take FMLA leave and, therefore, deny the allegations pertaining to same.   Upon information and belief, Defendants admit that Plaintiff was approved for, and utilized, FMLA leave at some point

during the time he worked for UH.  Defendants deny any remaining allegations in Paragraph 27 of the Complaint.

28.	Despite Defendants being aware of Plaintiffs serious health conditions and the need for him to take leave, they failed to provide him with the notice of his rights pursuant to 29 U.S.C. §300(b)(1).

**ANSWER**:	The allegations in Paragraph 28 state legal conclusions to which no response is required, and cite a non-existent statute.  To the extent this Court requires a response, Defendants are without information or knowledge sufficient to form a belief as to what notice UH may have provided, or not provided, Plaintiff, and, therefore, deny the allegations pertaining to same.  Defendants deny they engaged in any acts or omissions that violate any federal, state, or local laws or regulations.

29.	As a result of Defendants' termination of plaintiff's employment, Defendants denied Plaintiff FMLA benefits to which he was entitled, and their actions constitute "interference" with his rights under the FMLA.

**ANSWER**:	Defendants deny the allegations in Paragraph 29 of the Complaint.

**COUNT TWO**
**RETALIATION**

63.	Plaintiff incorporates all of the above allegations as if fully rewritten herein.

**ANSWER:**        In response to Paragraph 63 of the Complaint, Defendants incorporate their admissions, denials, and statements in paragraphs 1 through 29[1] of this Answer.

      64.        Plaintiff exercised his rights under FMLA.

**ANSWER**:        The allegations in Paragraph 64 state legal conclusions to which no response is required.  To the extent this Court requires a response, upon information and belief, Defendants admit that Plaintiff was approved for FMLA at some point during the time he worked for UH. Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 64 of the Complaint and, therefore, deny them.

      65.        Plaintiff suffered an adverse employment action as a result of the termination of his employment.

**ANSWER**:        The allegations in Paragraph 65 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants deny that they employed Plaintiff, and, therefore, deny that they took any "adverse employment action" against him.

      66.        Said termination was in contravention of the FMLA.

**ANSWER**:        The allegations in Paragraph 66 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants deny they engaged in any acts or omissions that violate any federal, state, or local laws or regulations.

---

[1] The Complaint does not contain any paragraphs numbered 30 through 62.

67.     Defendants violated the FMLA by retaliating against and/or taking adverse employment action against Plaintiff including but not limited to terminating his employment as result of his taking leave or attempting to exercise his rights under the FMLA.

**ANSWER**:     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Further, Defendants violated the FMLA by using FMLA protected absences and/or Plaintiffs request for FMLA as a negative factor leading at least in part to adverse employment actions and discharge against Plaintiff.

**ANSWER**:     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants lacked good faith and/or reasonable grounds to believe that they had not violated the FMLA when they discharged of Plaintiff.

**ANSWER**:     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants' violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. §2617(A) to monetary damages which include back pay and benefits, statutory liquidated damages and attorney fees, and the costs of bringing this litigation in amount to be determined at trial and equitable remedy of reinstatement and/or front pay.

**ANSWER**:     Defendants deny the allegations in Paragraph 70 of the Complaint.

## COUNT THREE
## ORC 4112 ET SEQ DISABILITY DISCRIMINATION[2]

71.     Plaintiff incorporates all of the above allegations as if fully rewritten herein.

---

[2] Defendants have moved to dismiss Count Three of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ANSWER:**      In response to Paragraph 71 of the Complaint, Defendants incorporate their admissions, denials, and statements in paragraphs 1 through 70 of this Answer.


72.      This claim arises under ORC §4112.02 and §4112.99.

**ANSWER**:   Defendants admit Plaintiff purports to state a claim under Ohio Rev. Code § 4112.02 and 4112.99, but deny he has a viable claim under the identified statutes.


73.      At all times relevant herein Plaintiff suffered from medical conditions that are defined as disabilities under the law.

**ANSWER**:   The allegations in Paragraph 73 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, therefore, deny them.


74.      Despite these disabilities or perceived disabilities or being regarded as disabled, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

**ANSWER**:   The allegations in Paragraph 74 state legal conclusions to which no response is required.  To the extent this Court requires a response, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, therefore, deny them.

75.     Defendants used Plaintiff's disability as a basis to take adverse employment action against him in that they terminated his employment. The acts of the Defendants were intentional, malicious and/or showed reckless disregard for the rights of the Plaintiff.

**ANSWER**:     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants' intentional, willful and wanton conduct toward Plaintiff was/is discriminatory and violates O.R.C. §4112.02(A) and §4112.99.

**ANSWER**:     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     As a direct and proximate result of Defendants' actions as set forth above, Plaintiff has suffered and will continue to suffer loss of compensation, loss of fringe benefits, loss of opportunity to be able to continue the gainful employment in which has been engaged, loss of past and future income, loss of reputation, humiliation, embarrassment, loss of self-esteem, loss of sleep, adverse health effects, emotional distress, anxiety, extreme frustration and loss of time and money endeavoring to protect himself from Defendants' unlawful discrimination including costs and reasonable attorney fees.

**ANSWER**:     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants have willfully and/or intentionally and/or with callous and reckless indifference, violated Plaintiffs rights under Ohio Law prohibiting discrimination against a person with a disability, or perceived disability or being regarded as being disabled so as to entitle him to award of punitive damages in addition to any compensatory or any other damages to be awarded in an amount to be proven at trial.

**ANSWER**:      Defendants deny the allegations in Paragraph 78 of the Complaint.


## AFFIRMATIVE DEFENSES

1.      Defendants deny each and every allegation in the Complaint not specifically admitted herein.

2.      Some, or all, of Plaintiff's claims fail to state a claim for which relief can be granted.

3.      Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy all jurisdictional, statutory, regulatory, and/or administrative prerequisites and/or conditions precedent for bringing his claims.

4.      Plaintiff's claims are barred insofar as they are beyond the time period of any applicable statute of limitations or other limitations period.

5.      Plaintiff's claims are barred insofar as they are asserted against Sodexo, Edwards, and Hunter as they did not employ Plaintiff.

6.      Plaintiff's claims are barred insofar as they are asserted against Sodexo and Hunter for failure of service of process upon them.

7.      Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

8.      There is no causal connection between Plaintiff's alleged damages, if any, and Defendants' conduct.

9.      All actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons, and were not in any way motivated by Plaintiff's alleged disability, use of FMLA leave, or any other discriminatory, retaliatory, or illegal motive.

10.     Defendants had legitimate, non-discriminatory and non-retaliatory reasons for all actions taken in connection with Plaintiff.

11.     Without admitting liability or that Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act or Ohio Revised Code, Plaintiff is not entitled to recover compensatory or punitive damages because Defendants at all times demonstrated good faith efforts to identify and make a reasonable accommodation as required by applicable law.

12.     An award of liquidated damages under the FMLA is not proper in this case because any act or omission of Defendants with respect to Plaintiff was in good faith and Defendants had objectively reasonable grounds to believe that the act or omission did not violate the FMLA.

13.     An award of punitive damages would be contrary to Defendants' good faith efforts to comply with the law.

14.     To the extent Plaintiff is seeking punitive damages, such claims are barred because the award of such damages would violate Defendants' rights under the Constitutions of the State of Ohio and the United States of America.

15.     To the extent Plaintiff is seeking punitive damages, such claims are barred because the alleged acts or omissions of Defendants do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff of any protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

16.     To the extent Plaintiff is seeking punitive or exemplary damages, the availability of such damages is limited by Ohio Rev. Code. § 2315.21.

17. To the extent Plaintiff is seeking compensatory damages, the availability of such damages is limited by Ohio Rev. Code § 2315.18.

18. Plaintiff is not entitled to any damages in this action.  However, in the event Plaintiff recovers damages, an award of damages must be reduced to the extent that he has failed to mitigate, minimize or avoid any damages allegedly sustained.

19. Plaintiff is not entitled to any damages in this action.  However, in the event Plaintiff recovers damages, an award of damages is subject to any and all applicable caps and limitations.

20. Some or all of Plaintiff's claims or damages may be barred or limited by the after-acquired evidence doctrine.

21. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available.  Defendants reserve herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants Sodexo, Shannon Edwards and Andre Hunter demand that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorney's fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

<u>s/ Corey N. Thrush</u>
Ellen Toth (0056176)
Corey N. Thrush (0085985)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
Email: ellen.toth@ogletree.com
        corey.thrush@ogletree.com

*Attorneys for Defendants Sodexo, Shannon Edwards and Andre Hunter*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2021, a copy of the foregoing *ANSWER OF DEFENDANTS SODEXO, SHANNON EDWARDS AND ANDRE HUNTER* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/ Corey N. Thrush</u>
Corey N. Thrush (0085985)

*One of the Attorneys for Defendants Sodexo, Shannon Edwards and Andre Hunter*

47821271.1