IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MILLER | : | |
| | : | CASE NO. 1:21-cv-01451-DAP |
| Plaintiff, | : | |
| v. | : | JUDGE DAN AARON POLSTER |
| | : | |
| UNIVERSITY HOSPITALS, *et al.* | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT UNIVERSITY HOSPITALS CLEVELAND
MEDICAL CENTER'S RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant University Hospitals Cleveland Medical Center, misnamed in the Complaint as University Hospitals ("UH" or "Defendant"), hereby makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. By making these disclosures, Defendant does not waive, but expressly reserves, all available objections and privileges.

**PRELIMINARY STATEMENT**

These disclosures are made solely for the purpose of this action. Each disclosure is subject to all objections of competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any statement or evidence contained in these disclosures as if offered or made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Defendant has not completed its investigation of the facts relating to this case and have not completed discovery. Each of the following disclosures are rendered and based upon information in the possession of Defendant at the time of the preparation of these disclosures. Discovery will continue as permitted by statute, order of the court, or stipulation of the parties,

and the investigation of Defendant's attorneys and agents will continue to and throughout the court of this action. Defendant specifically reserves the right at the time of trial to introduce any evidence from any source that may be discovered and testimony from any witness whose identity may be discovered.

Except for explicit facts admitted, no incidental or implied admissions are intended. The fact that Defendant has attempted to make any disclosure should not be taken as an admission that Defendant accepts or admits the existence of any facts, except as otherwise set forth in the pleadings, or that such disclosure constitutes admissible evidence. Rather, Defendant is simply attempting to fulfill its obligation pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the orders of the Court.

If any information has been unintentionally or erroneously omitted from these disclosures, Defendant reserves the right to insert the omitted information without prejudice. This Preliminary Statement is incorporated by this reference into each of the disclosures set forth below.

    A.    **Rule 26(a)(1)(A)(i) – Individuals likely to have discoverable information.**

Pursuant to subsection (i) of Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant discloses that the following persons are likely to have discoverable information relevant to the disputed facts alleged in the pleadings:

| Name | Subjects of Information |
|---|---|
| Mark Miller, Plaintiff | Plaintiff has information regarding the allegations in his Complaint, his employment with Defendant, and his alleged damages. |
| Plaintiff's former co-workers | Defendant is still investigating the allegations in the |

| | |
|---|---|
| | Complaint and it is expected that other managers and non-managers may have information relating to the allegations contained in Plaintiff's complaint. These individuals will be disclosed as discovery progresses. |
| Trevina Johnson-Crump, Senior Human Resources Generalist at UH<br><br>Ms. Crump is a former UH employee who may be reached through Defendant's counsel. | Ms. Crump has knowledge of Plaintiff's employment, Plaintiff's job performance, the termination of Plaintiff's employment, UH's policies and procedures, and the allegations in the Complaint. |
| Michelle Angelozzi,<br>Director, Nutrition Services<br>Interim Director, Environmental Services at UH<br><br>Ms. Angelozzi is a UH employee who may be reached through Defendant's counsel. | Ms. Angelozzi has knowledge of Plaintiff's employment, Plaintiff's job performance, the termination of Plaintiff's employment, UH's policies and procedures, and the allegations in the Complaint. |
| Sandy Baker Pass (Cassandra), Claims Administrator Disability Management Services at UH<br><br>Ms. Pass is a UH employee who may be reached through Defendant's counsel. | Ms. Pass has knowledge of Plaintiff's employment, Plaintiff's job performance, the termination of Plaintiff's employment, UH's policies and procedures, and the allegations in the Complaint. |
| Kate Gannon, HR Director<br><br>Ms. Gannon is a UH employee who may be reached through Defendant's counsel. | Ms. Gannon has knowledge of Plaintiff's employment, Plaintiff's job performance, the termination of Plaintiff's employment, UH's policies and procedures, and the allegations in the Complaint. |
| UH's Disability Management Services<br><br>The current and former Disability | Disability Management Services handled Plaintiff's leave of absence requests, leave of absence approvals, |

| | |
|---|---|
| Management Services' employees can be contacted through Defendant's counsel. | and leave of absence denials. |

Defendant incorporates by reference the names of any and all persons disclosed by Plaintiff and Defendants Sodexo Operations, LLC ("Sodexo"), Andre Hunter ("Hunter") and Shannon Edwards ("Edwards") (collectively, "Sodexo Defendants"), through disclosures, pleadings, or otherwise.

  **B**.  **Rule 26(a)(1)(A)(ii) – Documents and tangible things.**

In compliance with subsection (ii) of Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant provides the following description by category of documents in Defendants' possession, custody, or control that may be used to support Defendant's claims or defenses, other than for impeachment purposes, based on information reasonably available to Defendant at this time and subject to the limitations set forth above:

1. Plaintiff's personnel file;
2. Plaintiff's disability benefits file;
3. Plaintiff's FMLA file; and
4. Any documents identified by Plaintiff or Sodexo Defendants in either their Rule 26(a)(1) disclosures or in response to discovery.

  **C**.  **Rule 26(a)(1)(A)(iii) – Computation of damages.**

Aside from a possible claim for attorneys' fees and costs for frivolous filings, Defendant is not seeking damages from Plaintiff at this time. In the event that damages are found to be warranted through discovery, Defendant shall amend its disclosures, as necessary.

**D.**     **Rule 26(a)(1)(A)(iv) – Insurance agreements.**

Defendant is covered by a policy of employment liability insurance. A copy of the relevant policy is in the possession of UH.

Respectfully submitted,

*/s/David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 344-9422
Fax: (216) 344-9421
David.A.Campbell@lewisbrisbois.com
Andrea.Arnold@lewisbrisbois.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned herby certifies that on the 13th day of September, 2021, a true and accurate copy of foregoing was sent by email to the following counsel of record:

John F. Burke, III
Burkes Law, LLC
55 Public Square, Suite 2100
Cleveland, OH 44113
john@BurkesLaw.net

*Attorney for Plaintiff*

and

Ellen Toth
Corey N. Thrush
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
Email: ellen.toth@ogletree.com
corey.thrush@ogletree.com

*Attorneys for Defendants Sodexo Operations, LLC, Shannon Edwards and Andre Hunter*

                                                                    */s/David A. Campbell*
                                                                    David A. Campbell (0066494)

                                                                    *One of the Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/David A. Campbell
David A. Campbell (0066494)

*One of the Attorneys for Defendants*